PROB. 12B
(7/93)

ORIGINAL

# United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 15 2008

at 2 o'clock and 50 min. M.
SUE BEITIA, CLERK

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
#### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  MURRAY ROY FAIRMAN        Case Number:  CR 03-00222SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  11/24/2003

Original Offense:    Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:    Forty (40) months imprisonment to be followed by three (3) years
supervised release with the following special conditions:  1) That
the defendant participate in a substance abuse program, which
may include drug testing at the discretion and direction of the
Probation Office; 2) That the defendant is prohibited from
possessing any illegal or dangerous weapons; and 3) That the
defendant provide the Probation Office and the Financial Litigation
Unit of the U.S. Attorney's Office access to any requested financial
information to include submitting to periodic debtor's examinations
as directed by the Probation Office.

The Court also ordered that restitution of $60 is due immediately to
the Kaimuki Branch of Territorial Savings Bank, which shall be paid
upon release from confinement and during the period of
supervision on an installment basis according to the collection
policy of the Probation Office but at a rate of not less than
10 percent of his monthly gross income.  Interest, if applicable, is
waived while the defendant is serving his term of imprisonment and
shall commence to accrue on any remaining balance upon his
release on supervision.

Type of Supervision:  Supervised Release    Date Supervision Commenced:  3/24/2006

Prob 12B
(7/93)

2

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

General Condition    *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Special Condition No. 4    *That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | For the months of June 2007 through January 2008, the subject failed to submit a truthful and complete written report within the first 5 days of each month. |
| 2. General Condition and Standard Condition No. 7 | The subject admitted using methamphetamine and marijuana on 2/6/2008. |

Since the commencement of supervised release on 3/24/2006, the subject has progressed on supervision and has been a productive member of the community. With the exception of submitting late Monthly Supervision Reports (MSRs), the subject has been compliant and posed no management problems. Specifically, he has maintained stable employment with Color Dynamics as a foreman, and successfully completed outpatient substance abuse treatment on 2/23/2007. Despite his progress on supervision, the subject recently returned to abusing methamphetamine and marijuana. His violations are as follows:

Prob 12B
(7/93)

3

**Violation No. 1 - For the Months of June 2007 Through January 2008, the**
**Subject Failed to Submit a Truthful and Complete Written Report Within the First**
**5 Days of Each Month:**  In addition to being a requirement of supervised release, the
MSRs provide self-reported information that is vital to our supervision efforts.  With that
said, during the course of supervision, the subject has been chronically late submitting
his MSRs that are due within the first 5 days of each month.  After failing to submit
MSRs for the months of June 2007 through October 2007, the subject reported to the
Probation Office on 10/30/2007.  He stated that he forgot to submit his MSRs because
he was busy with work and lacks proper time management skills.  He was verbally
reprimanded and instructed to submit timely MSRs or face greater consequences.
Despite this warning, the subject failed to submit MSRs for the months of November
2007 through January 2008.  As a result, the subject reported to the Probation Office on
2/8/2008.  Once again, he admitted that he forgot about the aforementioned MSRs due
to his hectic work schedule and other responsibilities.  As a consequence, the subject
was instructed to report in person to the Probation Office on the 5th of every month to
submit his MSR, effective 3/5/2008.

**Violation No. 2 - On 2/8/2008, the Subject Admitted Using Methamphetamine**
**and Marijuana on 2/6/2008:**  When the subject reported to the Probation Office on
2/8/2008, this officer observed that he had lost a significant amount of weight.
Subsequently, he submitted a drug test that was presumptive positive for
methamphetamine.  The subject admitted that he returned to abusing
methamphetamine and marijuana in November 2007, which likely contributed to his
drastic weight loss of approximately forty (40) pounds.  He was very honest as he
admitted using "ice" on a daily basis and in the amounts of a gram every couple of
days.  Furthermore, he admitted smoking marijuana on occasion to help alleviate the
effects of the methamphetamine.  The subject stated that he last used
methamphetamine and marijuana on 2/6/2008.  The subject's urine specimen was sent
for laboratory confirmation and the results are pending.

The Court should be aware that the subject confessed that prior to reporting to the
Probation Office on 2/8/2008, he consumed a masking agent that was suppose to
adulterate his urine specimen.  He stated that out of fear, he purchased a "urine
flushing product" from Down to Earth in an attempt to conceal his drug addiction.
Therefore, the laboratory results for the urine specimen submitted on 2/8/2008 may be
invalid.

On 2/11/2008, the subject returned to the Probation Office and submitted another
drug test that was presumptive positive for methamphetamine.  When questioned, the
subject stated that he has not used any drugs since his admitted use on 2/6/2008.  This
specimen is also pending laboratory confirmation.

Despite the severity of his relapse, the subject's honesty about his drug addiction
suggests that substance abuse treatment may be an appropriate therapeutic
intervention at this time.  The subject acknowledged that he has a history of self-
destructive behaviors that seem to exacerbate when other areas of his life are stable.

Prob 12B
(7/93)

4

He has expressed a sincere interest in participating in a more intensive substance abuse treatment program so that he can learn healthy coping skills.

To his credit, the subject willingly enrolled in an Intensive Outpatient Program for substance abuse treatment at Freedom Recovery Services. The subject's substance abuse counselor believes the subject has the motivation and tools to address his drug addiction. In addition, the subject has been placed back in random drug testing that will assist our efforts in monitoring his progress.

Given the subject's overall progress while on supervision, coupled with his need to seek substance abuse treatment, we respectfully recommend that the Court allow the subject to remain under our supervision but with the conditions as noted above. Pursuant to _United States vs. Stephens_, the proposed General Condition modification would allow our office to continue drug testing for the duration of supervision. Furthermore, Special Condition No. 4 would provide our office with an additional supervision tool should the need arise for a search. These new conditions will allow our office to closely monitor the subject's progress and to deter future noncompliance.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/14/2008

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[  ] Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

2/14/08
_____
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.   Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant.  Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

Defendant

Print Name: _Murray Freeman_

Date: _2-11-08_

PROB 49
(5/96)

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]     To modify the conditions of supervision as follows:

*General Condition*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition No. 4*

*That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____          Signed: _____
JONATHAN K. SKEDELESKI                              MURRAY ROY FAIRMAN
U.S. Probation Officer                                        Supervised Releasee

_____2 - 11 - 08_____
Date