# ORIGINAL

Prob 12C
(Rev. 1/06 D/HI)

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 7 2008

at 1 o'clock and 30 min. ___ M
SUE BEITIA, CLERK

U.S.A. vs.  MURRAY ROY FAIRMAN                     Docket No.  CR 03-00222SOM-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MURRAY ROY FAIRMAN who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 24th day of November 2003, who fixed the period of supervision at three (3) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

   The Court also ordered that restitution of $60 is due immediately to the Kaimuki Branch of Territorial Savings Bank, which shall be paid upon release from confinement and during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

On 2/14/2008, the Court modified the conditions of supervised release as follows:

   General Condition:    That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

4. That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.

Prob 12C
(Rev. 1/06 D/HI)

2

The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violations of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1.  For the months of June 2007 through January 2008, the subject failed to submit a truthful and complete written report within the first 5 days of each month, in violation of Standard Condition No. 2.

2.  The subject admitted using methamphetamine and marijuana on 2/6/2008, in violation of the General Condition and Standard Condition No. 7.

3.  On 2/11/2008, 2/14/2008, and 2/15/2008, the subject submitted urine specimens that were positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

4.  On 3/6/2008, the subject refused to comply with drug testing, in violation of Special Condition No. 1.

5.  The subject admitted using methamphetamine on 3/5/2008, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev  1/06 D/HI)

3

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on     3/13/2008

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 13th day of March, 2008, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:  **FAIRMAN, Murray Roy**
     **Docket No. CR 03-00222SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

Having been convicted of Bank Robbery, the subject was sentenced by Your Honor on 11/24/2008.  He was sentenced to forty (40) months imprisonment followed by three (3) years of supervised release with the special conditions noted on the first page of this petition.  Supervised release commenced on 3/24/2006.

For almost two (2) years, the subject progressed on supervision and he appeared to be a productive member of the community.  With the exception of submitting late Monthly Supervision Reports (MSRs), the subject had been compliant and posed no management problems.  Specifically, he maintained stable employment with Color Dynamics as a foreman, and successfully completed outpatient substance abuse treatment on 2/23/2007.

Despite his progress, the subject reverted to methamphetamine and marijuana abuse in November 2007.  Consequently, on 2/14/2008, the Court was notified of his illicit drug use and concurred with our recommendation to modify the subject's supervised release by amending the General Condition and imposing Special Condition No. 4.  As a therapeutic measure, the subject enrolled in an Intensive Outpatient Program (IOP) for substance abuse at Freedom Recovery Services (FRS).

Since the modification, the subject has continued to abuse methamphetamine.  Compounding the problem is that the subject attempted to conceal his drug addiction by adulterating his urine specimens.  At this time, the subject's condition appears unstable and Court intervention is requested.  The subject's violations are as follows:

**Violation No. 1 - For the Months of June 2007 Through January 2008, the Subject Failed to Submit a Truthful and Complete Written Report Within the First 5 Days of Each Month:**  In addition to being a condition of supervised release, the MSRs provide self-reported information that is vital to our supervision efforts.  With that said, during the course of supervision, the subject has been chronically late submitting his MSRs that are due within the first 5 days of each month.  After failing to submit MSRs for the months of June 2007 through October 2007, the subject reported to the Probation Office on 10/30/2007.  He stated that he forgot to submit his MSRs because he was busy with work and lacked proper time management skills.  He was verbally reprimanded and instructed to submit timely MSRs or face greater consequences.  Despite this warning, the subject failed to submit MSRs for the months of November 2007 through January 2008.  As a result, the subject reported to the Probation Office on 2/8/2008.  Once again, he admitted that he forgot about the aforementioned MSRs due to his hectic work schedule and other responsibilities.  As a consequence, the subject

Re:    **FAIRMAN, Murray Roy**
       **Docket No. CR 03-00222SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

was instructed to report in person to the Probation Office on the 5th of every month to submit his MSR.

**Violation No. 2 - On 2/8/2008, the Subject Admitted Using Methamphetamine and Marijuana on 2/6/2008:** When the subject reported to the Probation Office on 2/8/2008, this officer observed that he had lost a significant amount of weight. Subsequently, he submitted a drug test that was presumptive positive for methamphetamine. The subject admitted that he returned to abusing methamphetamine and marijuana in November 2007, which likely contributed to his drastic weight loss of approximately forty (40) pounds. He was very honest as he admitted using "ice" on a daily basis and in the amounts of a gram every couple of days. Furthermore, he admitted smoking marijuana on occasion to help alleviate the effects of the methamphetamine. The subject stated that he last used methamphetamine and marijuana on 2/6/2008.

Although the laboratory was unable to test the urine specimen as it leaked in transit, the Court should be aware that the specimen may have been invalid. The subject confessed that prior to reporting to the Probation Office on 2/8/2008, he consumed a masking agent that was suppose to adulterate his urine specimen. He stated that out of fear, he purchased a "urine flushing product" from Down to Earth in an attempt to conceal his drug abuse.

As previously mentioned, on 2/14/2008, the Court was informed of the first two violations, and in turn, modified the conditions of supervision as noted above. On 2/13/2008, the subject enrolled in IOP at FRS. Furthermore, the subject was sternly admonished for his noncompliance and warned that additional violations would result in greater consequences, including the initiation of revocation proceedings. Subsequently, the subject reassured this officer that he was done using drugs because he has too much to lose.

**Violation No. 3 - On 2/11/2008, 2/14/2008, and 2/15/2008, the Subject Submitted Urine Specimens that were Positive for Methamphetamine:** On 2/11/2008, the subject returned to the Probation Office and submitted another drug test that was presumptive positive for methamphetamine. When questioned, the subject adamantly denied that he used any drugs since his admitted use on 2/6/2008. On 2/20/2008, we received laboratory confirmation that the specimen was positive for methamphetamine.

Re:     **FAIRMAN, Murray Roy**
**Docket No. CR 03-00222SOM-01**
**REVOCATION OF SUPERVISED RELEASE**
**STATEMENT OF FACTS - Page 3**


On 2/15/2008, we were notified by FRS that the subject's urine specimen submitted on 2/14/2008 was presumptive positive for methamphetamine. Later that day on 2/15/2008, the subject reported to the Probation Office and submitted a drug test that was also presumptive positive for methamphetamine. Once again, the subject adamantly denied using any drugs since 2/6/2008. On 2/21/2008, we received laboratory confirmation that both specimens were positive for methamphetamine.

According to the laboratory, the detection period for methamphetamine in urine is usually between 2 to 4 days. With that said, it appears unlikely that the subject's last admitted use of methamphetamine on 2/6/2008 would have resulted in positive drug tests on 2/11/2008, 2/14/2008, and 2/15/2008. When the subject was presented with this information, he continued to deny additional drug use and reiterated that he has too much to lose if he returns to abusing drugs.

**Violation No. 4 - On 3/6/2008, the Subject Refused to Comply with Drug Testing and Violation No. 5 - The Subject Admitted Using Methamphetamine on 3/5/2008:** On 3/7/2008, FRS notified our office that the subject's urine specimen submitted on 3/6/2008 appeared adulterated. Therefore, the specimen was sent for laboratory confirmation. Later that day on 3/7/2008, this officer conducted an unannounced home inspection at the subject's residence. Subsequently, the subject submitted a urine specimen that tested presumptive positive for methamphetamine. When questioned, the subject admitted that he relapsed when he used "ice" on 3/5/2008. He stated that he was under tremendous pressure and "screwed up." Furthermore, the subject confessed that he adulterated his urine specimen submitted on 3/6/2008 by consuming a urine masking product prior to the drug test. As a result, the specimen appeared adulterated as reported by FRS, and in turn, the results were presumptive negative for drug use. Nonetheless, both drug tests submitted on 3/6/2008 and 3/7/2008 are pending laboratory confirmation.

Re:  **FAIRMAN, Murray Roy**
     **Docket No. CR 03-00222SOM-01**
     **REVOCATION OF SUPERVISED RELEASE**
     **STATEMENT OF FACTS - Page 4**

     Due to the serious nature of the violations, we respectfully recommend that the Court issue a summons for the subject's appearance before the Court to show cause why supervised release should not be revoked.  A summons is requested in lieu of a No Bail Warrant because the subject is continuing his substance abuse treatment at FRS, and does not appear to be an immediate danger or flight risk at this time.

                                    Respectfully submitted by,


                                    JONATHAN K. SKEDELESKI
                                    U.S. Probation Officer

Approved by:



TIMOTHY M. JENKINS
Supervising U.S. Probation Officer


JKS/tcp

Re:     **FAIRMAN, Murray Roy**
        **Docket No. CR 03-00222SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 5**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT
CONSIDERATION**


        None

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:    Murray Roy Fairman                          Docket No.  CR 03-00222SOM-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of THREE (3) YEARS commencing upon release from confinement (3/24/06).

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)     The defendant shall support his or her dependents and meet other family responsibilities;

(5)     The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)     The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)     The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)     The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)     The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)    The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)    The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)    The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)    As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____          3-28-06
                    MURRAY ROY FAIRMAN                        Date
                              Defendant

_____          3-28-06
                    DEREK M. KIM                                    Date
              Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:     FAIRMAN, Murray Roy
        Docket No. CR 03-00222SOM-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1.      That the defendant participate in a substance abuse program, which may include drug testing
        at the discretion and direction of the Probation Office.

2.      That the defendant is prohibited from possessing any illegal or dangerous weapons.

3.      That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S.
        Attorney's Office access to any requested financial information to include submitting to
        periodic debtor's examinations as directed by the Probation Office.

The Court also ordered that restitution of $60.00 is due immediately to the Kaimuki Branch of
Territorial Savings Bank, which shall be paid upon release from confinement and during the period of
supervision on an installment basis according to the collection policy of the Probation Office but at a rate of
not less than 10 percent of his monthly gross income. Interest, if applicable, is waived while the defendant is
serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on
supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a
copy of them.

(Signed) _____        _3-28-04_
         MURRAY ROY FAIRMAN                       Date
            Defendant

_____                  _3-28-06_
         DEREK M. KIM                             Date
     Senior U.S. Probation Officer

PROB. 12B
(7/93)

RECEIVED

'08 FEB 15 P3 :03

U.S. PROBATION OFFICE
HONOLULU, HAWAII

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 15 2008

at __2__ o'clock and __5__ min __ M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  MURRAY ROY FAIRMAN        Case Number:  CR 03-00222SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence:  11/24/2003

Original Offense:   Bank Robbery, in violation of 18 U.S.C. § 2113(a), a Class C felony

Original Sentence:   Forty (40) months imprisonment to be followed by three (3) years supervised release with the following special conditions:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; and 3) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

The Court also ordered that restitution of $60 is due immediately to the Kaimuki Branch of Territorial Savings Bank, which shall be paid upon release from confinement and during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.  Interest, if applicable, is waived while the defendant is serving his term of imprisonment and shall commence to accrue on any remaining balance upon his release on supervision.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  3/24/2006

Prob 12B
(7/93)

2

========================================================

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

*General Condition*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition No. 4*

*That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 2 | For the months of June 2007 through January 2008, the subject failed to submit a truthful and complete written report within the first 5 days of each month. |
| 2. General Condition and Standard Condition No. 7 | The subject admitted using methamphetamine and marijuana on 2/6/2008. |

Since the commencement of supervised release on 3/24/2006, the subject has progressed on supervision and has been a productive member of the community. With the exception of submitting late Monthly Supervision Reports (MSRs), the subject has been compliant and posed no management problems. Specifically, he has maintained stable employment with Color Dynamics as a foreman, and successfully completed outpatient substance abuse treatment on 2/23/2007. Despite his progress on supervision, the subject recently returned to abusing methamphetamine and marijuana. His violations are as follows:

Prob 12B
(7/93)

**Violation No. 1 - For the Months of June 2007 Through January 2008, the Subject Failed to Submit a Truthful and Complete Written Report Within the First 5 Days of Each Month:** In addition to being a requirement of supervised release, the MSRs provide self-reported information that is vital to our supervision efforts. With that said, during the course of supervision, the subject has been chronically late submitting his MSRs that are due within the first 5 days of each month. After failing to submit MSRs for the months of June 2007 through October 2007, the subject reported to the Probation Office on 10/30/2007. He stated that he forgot to submit his MSRs because he was busy with work and lacks proper time management skills. He was verbally reprimanded and instructed to submit timely MSRs or face greater consequences. Despite this warning, the subject failed to submit MSRs for the months of November 2007 through January 2008. As a result, the subject reported to the Probation Office on 2/8/2008. Once again, he admitted that he forgot about the aforementioned MSRs due to his hectic work schedule and other responsibilities. As a consequence, the subject was instructed to report in person to the Probation Office on the 5th of every month to submit his MSR, effective 3/5/2008.

**Violation No. 2 - On 2/8/2008, the Subject Admitted Using Methamphetamine and Marijuana on 2/6/2008:** When the subject reported to the Probation Office on 2/8/2008, this officer observed that he had lost a significant amount of weight. Subsequently, he submitted a drug test that was presumptive positive for methamphetamine. The subject admitted that he returned to abusing methamphetamine and marijuana in November 2007, which likely contributed to his drastic weight loss of approximately forty (40) pounds. He was very honest as he admitted using "ice" on a daily basis and in the amounts of a gram every couple of days. Furthermore, he admitted smoking marijuana on occasion to help alleviate the effects of the methamphetamine. The subject stated that he last used methamphetamine and marijuana on 2/6/2008. The subject's urine specimen was sent for laboratory confirmation and the results are pending.

The Court should be aware that the subject confessed that prior to reporting to the Probation Office on 2/8/2008, he consumed a masking agent that was suppose to adulterate his urine specimen. He stated that out of fear, he purchased a "urine flushing product" from Down to Earth in an attempt to conceal his drug addiction. Therefore, the laboratory results for the urine specimen submitted on 2/8/2008 may be invalid.

On 2/11/2008, the subject returned to the Probation Office and submitted another drug test that was presumptive positive for methamphetamine. When questioned, the subject stated that he has not used any drugs since his admitted use on 2/6/2008. This specimen is also pending laboratory confirmation.

Despite the severity of his relapse, the subject's honesty about his drug addiction suggests that substance abuse treatment may be an appropriate therapeutic intervention at this time. The subject acknowledged that he has a history of self-destructive behaviors that seem to exacerbate when other areas of his life are stable.

Prob 12B
(7/93)

4

He has expressed a sincere interest in participating in a more intensive substance abuse treatment program so that he can learn healthy coping skills.

To his credit, the subject willingly enrolled in an Intensive Outpatient Program for substance abuse treatment at Freedom Recovery Services. The subject's substance abuse counselor believes the subject has the motivation and tools to address his drug addiction. In addition, the subject has been placed back in random drug testing that will assist our efforts in monitoring his progress.

Given the subject's overall progress while on supervision, coupled with his need to seek substance abuse treatment, we respectfully recommend that the Court allow the subject to remain under our supervision but with the conditions as noted above. Pursuant to _United States vs. Stephens_, the proposed General Condition modification would allow our office to continue drug testing for the duration of supervision. Furthermore, Special Condition No. 4 would provide our office with an additional supervision tool should the need arise for a search. These new conditions will allow our office to closely monitor the subject's progress and to deter future noncompliance.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modifications of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections.

Respectfully submitted by,

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  2/14/2008

Prob 12B
(7/93)

5

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[   ] Other

SUSAN OKI MOLLWAY
U.S. District Judge

2/14/08

Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.   Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: _____

Date: _____

PROB 49
(5/96)

# United States District Court

### District of Hawaii

#### Waiver of Hearing to Modify Conditions
#### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

*General Condition*

*That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

*Special Condition No. 4*

*That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

Witness: _____          Signed: _____
JONATHAN K. SKEDELESKI                              MURRAY ROY FAIRMAN
U.S. Probation Officer                                        Supervised Releasee

2-11-08
Date